IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01917-MJW

DONNIE L. HIGNITE,

    Plaintiff,

v.

GORDON CARROLL and ARAPAHOE COUNTY
BOARD OF COUNTY COMMISSIONERS,

    Defendants.

## STIPULATED PROTECTIVE ORDER ( Docket No 60-1 )

    This matter is before the Court on the parties' stipulated motion for a protective order. The parties' motion is **GRANTED** and **IT IS ORDERED** as follows:

    1.    Plaintiff and Defendants will likely seek and exchange Confidential Information (as defined below in Paragraph 2) as part of their respective disclosure and discovery efforts.

    2.    *Confidential Information* means any document, file, record, oral testimony, transcribed testimony, recording, photograph, or other tangible thing, either in whole or in part and regardless as to form or format, and any disclosure or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that contains information that is confidential or which implicates legally protected privilege or privacy interests and has been designated by one of the parties as containing Confidential Information, including, but not limited to, the following:

        2.1    One or more of the parties' employment personnel file or records, including dis-

ciplinary records.

2.2 One or more of the parties' medical or healthcare records or information relating to the past, present, or future physical or mental-health condition of the parties, including psychological counseling and mental-health records. Medical or healthcare records include but are not limited to medical bills, medical records, medical charts, test results, notes, invoices, and billing statements, and includes all notes, summaries, or oral communications that are based on or derived from the parties' medical or healthcare records.

2.3 The parties' tax or personal financial records.

2.4 Those portions of transcribed deposition or other witness testimony disclosing Confidential Information.

3. Where Confidential Information is produced, exchanged, provided, or otherwise disclosed by one party to the other party in response to any disclosure or discovery request or obligation, it must be designated as Confidential Information in the following manner:

3.1 By imprinting or stamping the word "Confidential" on the each page of any document, record, or thing produced containing Confidential Information;

3.2 By imprinting or stamping the word "Confidential" next to or above any response to a discovery request containing Confidential Information; and

3.3 With respect to any transcribed testimony containing Confidential Information, by giving written notice to opposing counsel designating such testimony, or portions thereof, as "Confidential" not later than 21 calendar days after receipt of the transcribed testimony. The parties will treat oral deposition testimony as Confidential Information upon a statement on the rec-

ord by counsel designating the same unless the parties agree otherwise. Any deposition testimony designated as Confidential Information prior to the receipt of the transcribed testimony must be later identified and designated in writing as Confidential Information under this paragraph 3.3 for it to be maintained and treated as Confidential Information. Transcribed testimony or deposition exhibits containing designated Confidential Information must be separately bound and maintained by the court reporter of other transcriber/custodian and must not be disclosed except as allowed under this order.

4. The parties agree that this order will apply retroactively to all documents designated Confidential Information and produced before the entry of this order.

5. Any information designated by a party as confidential must first be reviewed by a lawyer who can certify that the Confidential Information designation is based on a good-faith belief that the information is confidential under legally protected privilege or privacy interests, or is otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(1). If it comes to the attention of a designating party that information has either been mistakenly designated or does not qualify as Confidential Information, or has lost its qualification as Confidential Information, then the designating party must promptly notify the other party in writing that it is withdrawing the earlier mistaken or expired designation.

6. An inadvertent failure or oversight by a party to designate qualifying information as Confidential Information does not, in and of itself, waive the party's right or ability to designate the information as Confidential Information if the failure of oversight is promptly corrected after its discovery. Upon the timely correction of the failure or oversight, any party who previously re-

ceived the Confidential Information must, upon written notice of the designation, make reasonable efforts to ensure that the information is handled and maintained consistent with the terms of this order.

7. All Confidential Information provided by any of the parties in response to a disclosure or discovery request, or under a disclosure obligation, or in oral or transcribed testimony, or by any third party under a subpoena duces tecum or in oral or transcribed testimony, will be subject to the following restrictions:

7.1 It may be used only for this litigation and not for any other purpose.

7.2 It may not be communicated, transmitted, or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone except individuals authorized to access or review Confidential Information for the purpose of litigating this case.

8. Individuals authorized to access or review Confidential Information under this order are:

8.1 The parties, their undersigned counsel, and staff or employees of counsel to whom disclosure is reasonably necessary for this litigation.

8.2 Expert consultants and expert witnesses retained by the parties or their counsel to whom disclosure is reasonably necessary for this litigation.

8.3 The Court and its staff.

8.4 Stenographic reporters who are engaged in proceedings necessarily incident to litigating this case.

8.5 Deponents, witnesses, and potential witnesses.

8.6     Retained jury or trial consultants and mock jurors, and retained litigation support-services suppliers and technicians.

8.7     Any other people (or class of people) that the parties may jointly designate in writing.

These individuals must hold all Confidential Information in confidence and must not disclose it orally, in writing, electronically, or otherwise to any person, entity, or agency not authorized to have access to the Confidential Information, except as provided in this order or as otherwise authorized by the Court. Expert consultants, expert witnesses, and other third parties that the parties may allow to access Confidential Information must be given a copy of this order.

9.      Legal counsel for the parties who disclose Confidential Information are responsible for assuring compliance with the terms of this order and ensuring that people to whom they provide Confidential Information are informed regarding the contents and limitations set forth in this order. People provided Confidential Information must acknowledge in writing that they have been provided a copy of this order and have read and understand it. Counsel may use the written form of the Confidentiality Acknowledgment (Exhibit A) in implementing the provisions of this paragraph. Even so, the parties, their legal counsel, law firms and support staff, court personnel, and stenographic reporters need not acknowledge in writing their receipt of a copy of this order or their knowledge of the contents and limitations set forth in it.

10.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice must identify the information to which the objection is made. If the parties cannot resolve the objection within

ten business days after the time the notice is received, the party designating the information as Confidential Information must file a motion requesting that the Court determine whether the disputed information should be subject to the terms of this order. The party filing the motion will bear the burden of establishing good cause for the disputed information to be treated as Confidential Information. The designating party must file this motion within 30 days of receiving the objecting party's written notice. If the motion is timely filed, the disputed information must be treated as Confidential Information until the Court rules on the motion. But if the motion is not timely filed, then the disputed information will lose its designation as Confidential Information and will not be treated as Confidential Information.

11. No copies of Confidential Information may be made except by or on behalf of legal counsel for attorney-work-product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions submitted under D.C.COLO.L.CivR 7.2. Copies of Confidential Information may be made and used only for this litigation and no other.

12. If a party discovers that it has disclosed or used designated Confidential Information contrary to this order, the party must immediately notify the designating party and the unauthorized receiving party in writing of the improper disclosure or use and exercise all reasonable efforts to retrieve the improperly disclosed information, including providing a copy of this order to the unauthorized receiving party.

13. This order will remain in force in perpetuity, even after this action terminates, and the Court may maintain continuing jurisdiction ~~after the conclusion of the case to enforce this order.~~ until Termination of the case.

-6-

MJW
4-21-16

Upon conclusion of the litigation, including the time necessary to take and exhaust any appeals, any person in possession of Confidential Information must destroy any Confidential Information by shredding or other mutually acceptable method of permanent destruction. Legal counsel, however, may retain a complete case file including Confidential Information.

14. The parties' stipulation to the entry of this order is not intended to be and should not be construed as a waiver or adoption of any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under this order; nor should the parties' stipulation to this order be construed as or used to assert a waiver by any party that a particular document, record, or other piece of information is properly discoverable.

15. Nothing in this order relieves any party or legal counsel from their obligations under Federal Rule of Civil Procedure 26(b)(5) or from filing a motion as may be deemed appropriate or necessary from time to time seeking additional or different protection from the Court under Federal Rule of Civil Procedure 26(c) with regard to confidential or other information.

16. This order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. The disclosure or use of Confidential Information at trial or during any hearing will be governed by such further order or orders as the Court may deem necessary or appropriate.

Dated this 21ST day of April 2016.

_____
Michael J. Watanabe
United States Magistrate Judge

Stipulated and agreed to by:

| | |
|---|---|
| s/ Mark D. Gibson | s/ Edward M. Caswall |
| Mark D. Gibson | Edward M. Caswall |
| Katherine A. Nelson | Monica N. Kovaci |
| Amanda R. Levin | Arapahoe County Attorney's Office |
| Alison K. Toivola | 5334 S. Prince Street |
| HOGAN LOVELLS US LLP | Littleton, CO 80120 |
| One Tabor Center, Suite 1500 | Telephone: (303) 795-4636 |
| 1200 Seventeenth Street | Fax: (303) 738-7836 |
| Denver, CO 80202 | E-mail: ecaswall@arapahoegov.com |
| Telephone: (303) 454-2574 | *Attorneys for Defendants Gordon Carroll and* |
| Fax: (303) 899-7333 | *Arapahoe County Board of County Commissioners* |
| E-mail: mark.gibson@hoganlovells.com | |
| *Attorneys for Plaintiff Donnie L. Hignite* | |

## EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the protective order that was issued by the United States District Court for the District of Colorado on [date] in this case, *Hignite v. Carroll*, No. 1:15-cv-01917-MJW. I agree to comply with and to be bound by all the terms of that protective order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this protective order to any person or entity except in strict compliance with the provisions of this order. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this protective order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____